Charles Loktich, Respondent, *v.* Bethlehem Engi-
neering Corporation et al., Defendants, and The
New York Edison Company, Appellant.

Negligence — workman injured by fall of movable box con-
taining meters for measuring electric current used on job —
where box or contents not dangerous in themselves and it
had been moved from place where located by electric company,
latter not liable — inference of negligence not drawn from
lapse of time — company under no duty to send agent to
premises to see whether position of box had become unsafe.

The defendant-appellant, which had contracted to furnish electric
current for use in the construction of a building and had placed upon
the premises a box containing meters, movable because as the work
advanced, convenience or necessity would at times dictate the moving
of the electric equipment, is not liable for injury to a workman
employed in the building, caused by the slipping or fall of the box,
where, at the time of the accident, it was not located where placed
when brought upon the premises and there is no evidence that it
was moved from its original position by agents or servants of defend-
ant-appellant or by any one authorized by it to do so and it is not
shown that the use to which defendant-appellant put the box or its
contents would itself tend to create any danger to others or that it
was not securely fastened originally or could become insecure unless
interfered with. An inference of negligence may not be drawn merely
from lapse of time. The defendant-appellant having placed upon the
premises an instrument which was not dangerous in itself and which
could not become dangerous unless negligently used by contractors on
the work, was not negligent in failing to keep watch on the contractors
to prevent negligence on their part or in failing to discover and to
remove danger which should be apparent to any person working on
the job and could be obviated by any person perceiving it.

*Loktich* v. *Bethlehem Engineering Corp.*, 215 App. Div. 718, reversed.

(Argued March 31, 1926; decided May 4, 1926.)

Appeal from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,
entered November 12, 1925, affirming a judgment in
favor of plaintiff entered upon a verdict.

*Thomas H. Beardsley* and *Charles I. Taylor* for appellant. There is no evidence of the violation of any legal duty toward plaintiff or act of negligence on the part of the appellant Edison Company. (*King* v. *N. Y. Central & H. R. R. R. Co.*, 66 N. Y. 181; *Kraus* v. *Queens County Water Co.*, 188 App. Div. 557; 231 N. Y. 537; *Schmeer* v. *Gas Light Company*, 147 N. Y. 529; *Tobias* v. *Lewis*, 182 App. Div. 598; 230 N. Y. 571; *Haskins* v. *N. Y. Central & H. R. R. R. Co.*, 79 Hun, 159; 145 N. Y. 604; *Artis* v. *Buffalo, R. & P. R. Co.*, 3 App. Div. 1.) The doctrine of *res ipsa loquitur* is not applicable here. (*Slater* v. *Barnes*, 241 N. Y. 284.)

*Nathaniel Cohen* for respondent. The defendant owed a duty to safely maintain the box which fell upon plaintiff. (*Kennedy* v. *McAllister*, 31 App. Div. 453; *Lee* v. *Vacuum Oil Co.*, 54 Hun, 156; *Schmeer* v. *Gas Light Co.*, 147 N. Y. 529; *Fish* v. *Waverly El. & Power Co.*, 189 N. Y. 336.)

LEHMAN, J.   While the plaintiff, a carpenter, was doing some work for which he was employed in connection with the construction of a building at Broadway and Fifty-first street, a large box belonging to the defendant New York Edison Company and weighing with its contents about five hundred pounds, slipped or fell upon the plaintiff and caused him some injury. The accident occurred on June 6, 1922. The New York Edison Company at the time was furnishing, by agreement with some of the contractors engaged in the construction of the building, electric current for use in their work. The box which injured the plaintiff contained the meters used in measuring the current so furnished. The box with its contents belonged to the New York Edison Company and was placed upon the premises as part of the equipment used in the performance of its agreement to furnish electric current for use in the construction of the building. The plaintiff's evidence is sufficient to show that for

some weeks before the accident the box was insecurely fastened and rested in part upon the outer wall of a vault which extended into the street. Liability, if any, on the part of the New York Edison Company must be based upon a finding that it was negligent either in placing the box in the position from which it fell or in leaving it there for some weeks prior to the accident without bracing or fastening it.

The proof is clear and undisputed that the box was brought upon the premises by the New York Edison Company about two months before the accident but was not at that time located in the position where it rested at the time of the accident. The box was used in connection with contracts for current to be used in connection with the construction of a building. It was movable because, as the work of construction advanced and conditions of the work changed, convenience or necessity would at times dictate the moving of electric equipment used in connection with the work. There is no evidence that it was moved from its original position by agents or servants of the defendant New York Edison Company. Its position may have been changed for their own purposes by contractors or workmen employed in the building construction; the evidence shows that no person was authorized to do so for the Edison Company. Since there is no evidence from which inference might be drawn that the New York Edison Company negligently placed the box in the position from which it fell, the judgment may be sustained only if the evidence permits inference that the defendant was negligent in failing to make it secure after it was removed by some person from the position in which it was placed to its new position.

The box and its contents were placed on the work by the defendant to enable it to carry out its contract and to secure payment for current used. If the defendant knew or in the exercise of reasonable care should have known that the box was in a position which might cause

injury to others, then perhaps the defendant should have taken steps to obviate the danger. The defendant was doing no work on the premises; it could furnish electric current without presence of workmen or agents there and it appears that the defendant did not actually know that the box was removed. We may not draw any inference of negligence merely from lapse of time unless the defendant was under some duty to send an agent to the premises for the purpose of seeing whether the position of the box had become unsafe. It is not shown that the use to which the defendant put the box or its contents would itself tend to create any danger to others; it is not shown that it was not securely fastened originally and that it could become insecure or otherwise dangerous unless contractor or workmen negligently interfered with it. Even then the danger would not arise from the electric current but from the position of the box and no special knowledge of electricity was required to understand or obviate the danger. Even if the box was in part on the street, the street at that point was temporarily not used by travelers but only by the workmen employed on the job. The defendant having placed upon the premises an instrument which was not dangerous in itself and which could not become dangerous unless negligently used by contractors on the work, was not negligent in failing to keep watch on the contractors to prevent negligence on their part or in failing to discover and to remove danger which should be apparent to any person working on the job and could be obviated by any person perceiving it.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., POUND and CRANE, JJ., dissent.

Judgments reversed, etc.